IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-213-BO

| | |
|---|---|
| DEBRA S. OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 18, 2017, in Edenton, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed her applications on September 20, 2013, alleging disability beginning April 25, 2013. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's osteoarthritis of the right knee, depression, obesity, essential hypertension, hyperlipidemia, COPD, and coronary artery disease were considered severe impairments at step two, but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional limitations. The ALJ then found that plaintiff was able to return to her past relevant work. In the alternative, at step five, the ALJ considered plaintiff's age, education, work experience, and RFC, along with the testimony of the vocational expert ("VE"), to determine that plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Accordingly, the ALJ found that plaintiff had not been under a disability as defined in the Act.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ found that plaintiff was limited to a restricted range of light work activities, with limitations to only occasionally climb ramps and stairs, but never climb ladders and scaffolds; that she can frequently balance and stoop; occasionally kneel, crouch, or crawl; but never have exposure to unprotected heights, moving mechanical parts, or dust, odors, fumes and pulmonary irritants; that she could perform simple, routine, repetitive tasks but not at a production rate pace (e.g. assembly line work); make simple work-related decisions; and frequently interact with supervisors, coworkers, and the public.

SSR 96-8p states that the "RFC assessment is a function-by-function assessment" that "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." SSR 96-8p. In *Mascio v. Colvin*, the Fourth Circuit Court of Appeals held that

> an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir.2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

780 F.3d 632, 638 (4th Cir. 2015). Here, the ALJ found plaintiff to have moderate difficulties with concentration, persistence, and pace. However, the RFC formulated by the ALJ, while it provided a limitation to simple, routine, repetitive tasks not at a production rate pace, does not provide sufficient explanation as to why no limitations for concentration or persistence were provided for in the RFC. As the *Mascio* court noted, "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (citation omitted). "[T]he ability to perform simple tasks differs from the ability to stay on task." *Id.*; *see also, e.g., Scruggs v. Colvin*, No. 3:14-CV-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (limitation to simple, routine, repetitive tasks in non-production environment, without more, does not sufficiently address claimant's difficulties with concentration, persistence, and pace).

Whether a claimant can stay on task is a different inquiry from whether a claimant can perform simple tasks. The ALJ made no determination with regards to plaintiff's ability to stay on task. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford* at 295 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Additionally, "'remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Mascio*, 780 F.3d at 636 (internal alteration omitted) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2nd Cir. 2013)). Therefore, this case must be remanded so the ALJ may perform the proper function-by-function assessment, as required by SSR 96-8p.

780 F.3d 632, 638 (4th Cir. 2015). Here, the ALJ found plaintiff to have moderate difficulties with concentration, persistence, and pace. However, the RFC formulated by the ALJ, while it provided a limitation to simple, routine, repetitive tasks not at a production rate pace, does not provide sufficient explanation as to why no limitations for concentration or persistence were provided for in the RFC. As the *Mascio* court noted, "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (citation omitted). "[T]he ability to perform simple tasks differs from the ability to stay on task." *Id.*; *see also, e.g., Scruggs v. Colvin*, No. 3:14-CV-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (limitation to simple, routine, repetitive tasks in non-production environment, without more, does not sufficiently address claimant's difficulties with concentration, persistence, and pace).

Whether a claimant can stay on task is a different inquiry from whether a claimant can perform simple tasks. The ALJ made no determination with regards to plaintiff's ability to stay on task. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford* at 295 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Additionally, "'remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" *Mascio*, 780 F.3d at 636 (internal alteration omitted) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2nd Cir. 2013)). Therefore, this case must be remanded so the ALJ may perform the proper function-by-function assessment, as required by SSR 96-8p.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __2__ day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE